UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DUFFY O'NEIL,<br><br>                               Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                               Defendant. | Case No.:  20-CV-1551-WVG<br><br>**ORDER ON JOINT MOTION FOR JUDICIAL REVIEW** |

Pending before the Court is Edward Duffy O'Neil ("Plaintiff") and Kilolo Kijakazi, Acting Commissioner of Social Security's ("Defendant" or "Commissioner") Joint Motion for Judicial Review ("Joint Motion"). (Doc. No. 19.) The Parties respectively move for summary judgment on Plaintiff's claims arising under Titles II and XVI of the Social Security Act. Having reviewed the Parties' Joint Motion and the underlying administrative record ("AR"), the Court GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and elaborates below.

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

On June 30, 2016, Plaintiff filed an application for disability insurance benefits under Titles II and XVI of the Social Security Act. (AR 401-4017.) Plaintiff alleged he suffered from diabetes, arthritis, knee replacements, and chronic pain in his knee, shoulders, hips, and back, as well as depression and anxiety. (AR 401-417; 455.) According to Plaintiff, his physical and mental health conditions rendered him unable to work since December 1, 2015. (AR 406.) The Commissioner denied Plaintiff's application twice, initially on July 25, 2016, and upon reconsideration on June 5, 2018. (AR 340; 346-347.)

On August 1, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 353-354.) On May 17, 2019, Plaintiff, his attorney, Leonard Schneider, and a neutral vocational expert, Sonia L. Peterson, appeared before ALJ Kevin W. Messer for a hearing on Plaintiff's application. (AR 264.) Plaintiff and the vocational expert testified at the hearing. (AR 264-310.) On August 14, 2019, ALJ Messer issued a Notice of Decision ("Decision"), finding Plaintiff was not disabled since December 1, 2015. (AR 90-103.) On such basis, ALJ Messer denied Plaintiff's application for disability insurance benefits. (*Id*.)

On October 7, 2019, Plaintiff requested that the Appeals Council review ALJ Messer's Decision. (AR 401-405.) On June 23, 2020, the Appeals Council denied Plaintiff's request and, upon doing so, finalized the Commissioner's adverse Decision. (AR 1-7.) On August 11, 2020, Plaintiff initiated this civil action and filed the operative Complaint. (Doc. No. 1.) On January 13, 2022, the Parties filed the Joint Motion for Judicial Review that is now ripe for the Court's adjudication. (Doc. No. 19.)

## II. FACTUAL BACKGROUND

### a. Plaintiff's Mental Condition

Plaintiff is 63 years old and alleges that he suffers from both physical and mental health conditions. For purposes of resolving the Parties' Joint Motion, Plaintiff's mental health condition is relevant.

///

In or around July 2013, Plaintiff began seeing Kefah Dwabe, M.D., ("Dr. Dwabe"), a primary treating physician, for primary care. (AR 937.) In pertinent part, Dr. Dwabe screened Plaintiff for major depression and, in September 2014, prescribed Paxil, an anti-depressant that Plaintiff continues to take. (AR 554, 556-567.) Since 2015, Jeffrey A. Sandler, M.D., ("Dr. Sandler"), an endocrinologist, and Hassan Kafri, M.D., ("Dr. Kafri"), a cardiologist, also treated Plaintiff and coordinated Plaintiff's care with Dr. Dwabe. In their assessments of Plaintiff, Dr. Sandler and Dr. Kafri documented Plaintiff's depressive condition. (AR 590, 771-773, 779). More recently, on April 17, 2019, Dr. Dwabe affirmed his previous diagnosis and found Plaintiff continued to suffer from major depression as well as moderate anxiety and insomnia. (AR 905.) On May 30, 2019, Dr. Dwabe issued a Physical Residual Functional Capacity Questionnaire indicating that Plaintiff's depression and anxiety affected Plaintiff's physical condition, which, in turn, imposed functional limitations on Plaintiff. (AR 934-937.)

On June 5, 2018, following Plaintiff's request for reconsideration, Preston Davis, Psy. D., ("Dr. Davis"), a state agency psychological medical consultant, evaluated Plaintiff's medical file. (AR 325-339.) In doing so, Dr. Davis concluded that the record contained "insufficient evidence" to determine or establish any severe mental impairment. (AR 330.) Dr. Davis elaborated there was insufficient evidence to assess Plaintiff's functional limitations of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. (AR 331.)

In December 2018, Plaintiff underwent a psychological evaluation with Barbara Seldin, Ph.D., ("Dr. Seldin"), a clinical psychologist. (AR 849-863.) During his evaluation, Plaintiff "expressed frustration and bitterness about his inability to work" and explained he was unable to work due to orthopedic issues and chronic pain, rather than any psychological disturbances. (AR 862.) Dr. Seldin observed Plaintiff was "anxious and bitter" but found his affect to be "somewhat labile." (*Id.*) Further, Dr. Seldin noted Plaintiff was "friendly" and "joked a lot during the interview." (AR 861-863.) Dr. Seldin also found

Plaintiff's "thought process [was] logical and goal directed," characterized his judgment as "adequate," and determined his intelligence was "in the average range." (AR 861.) Additionally, Plaintiff did not report and Dr. Seldin did not observe any perceptual disturbances. (*Id.*)

Dr. Seldin ultimately diagnosed Plaintiff with recurrent major depressive disorder with mild anxious distress. (AR 863.) In doing so, Dr. Seldin outlined a plan of treatment for Plaintiff, which included cognitive behavioral therapy ("CBT") for major depression and chronic pain. (AR 863.) Plaintiff visited Dr. Seldin on eight occasions following his intake assessment; however, the record does not show any further mental health treatment after March 29, 2019. (AR 849-860.)

### b. ALJ Messer's Notice of Decision

In his August 14, 2019 Notice of Decision, ALJ Messer made seven findings of fact and conclusions of law:

(1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017;

(2) Plaintiff was not engaged in substantial gainful activity since December 1, 2015;

(3) Plaintiff had severe impairments consisting of: bilateral shoulder impingement syndrome; status-post right house and bicep surgery in 2018; osteoarthritis of bilateral knee; status-post bilateral total knee replacement surgery in 2016; diabetes mellitus type II; diabetic peripheral neuropathy; obesity; and coronary artery disease;

(4) Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of the any listed impairments in 20 C.F.R. Part 404(P), Appendix 1;

(5) Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except he could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could never climb ramps, stairs, ladders, ropes, and scaffolds; could occasionally perform balancing, stopping, and kneeling, but never perform crouching and crawling; could not operate foot controls

      with the right lower extremity; was limited to frequent bilateral reaching overhead; and needed to avoid concentrated exposure to hazards such as operational control of moving machinery and unprotected heights;

(6) Plaintiff could perform past relevant work as a mortgage clerk and public relations representative. Such work did not require the performance of work-related activities precluded by Plaintiff's RFC as set forth above; and

(7) Plaintiff had not been under a disability, as defined in the Social Security Act, from December 1, 2015 through August 14, 2019.

In relevant part, ALJ Messer determined Plaintiff's "medically determinable mental impairment of major depressive order, recurrent with mild anxious distress, [did] not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and [was] therefore non-severe." (AR 96.) ALJ Messer considered the four broad areas of mental functioning as set forth in the disability regulations for evaluating mental disorders and in the Listing of Impairments, citing 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically the ability to (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. (*Id.*) As to the first category, ALJ Messer found no limitation. ALJ Messer found mild limitations as to the remaining categories. (*Id.*)

In so finding, ALJ Messer explained Plaintiff's treatment records failed to reflect "any history of formal mental health treatment until December of 2018," when Plaintiff sought a psychological evaluation from and treatment by Dr. Barbara Seldin, a clinical psychologist. (AR 96.) ALJ Messer noted Plaintiff's disclosure to Dr. Seldin he had taken Paxil for anxiety and undergone a brief course of psychiatric counseling following his wife's death years ago in 2009. (*Id.*) ALJ Messer also highlighted Plaintiff's admission to Dr. Seldin that he had not worked since 2017 due to orthopedic issues and chronic pain, rather than psychological symptoms. (*Id.*) ALJ Messer additionally noted Plaintiff was "friendly," "joked a lot during the interview," and "other findings were unremarkable." (*Id.*) Dr. Seldin's records from Plaintiff's visit also indicated Plaintiff "resisted medication

consultation." (*Id.*) ALJ Messer further added, while Plaintiff "had some mood abnormalities based on the brief notes from Dr. Seldin, there [was] no evidence of psychosis or significant cognitive decline" or any "worsening of depressive symptoms that required a higher level of care such as hospitalization or inpatient services." (AR 96-97.) Additionally, ALJ Messer highlighted that the record revealed "no further outpatient services with Dr. Seldin after March of 2019." (*Id.*)

During the May 17, 2019 hearing before ALJ Messer, Plaintiff testified "he remained able to perform basic activities of daily living to the extent that his physical conditions permitted," including "the ability to do chores, prepare meals, drive a car, shop in stores, pay bills, handle financial accounts, read, attend [Alcoholics Anonymous] meetings, and stay in contact with friends." (AR 97.) Based on Plaintiff's testimony, ALJ Messer determined "these activities convey[ed] an adequate range of activities of daily living from a mental health perspective and [were] not inconsistent with no more than mild functional limitations… particularly in light of [Plaintiff's] limited history of mental health treatment to date." (*Id.*) ALJ Messer further noted the record lacked any medical opinions demonstrating Plaintiff was unable to work or had significant limitations due to his depressive disorder. (*Id.*) Accordingly, ALJ Messer concluded, "based on the evidence as a whole at the hearing level," Plaintiff's alleged disabling mental health condition was "unpersuasive and inconsistent with the available clinical evidence." (*Id.*) Based on his assessment of Plaintiff's RFC, ALJ Messer further concluded Plaintiff could perform his past relevant work as a mortgage clerk and a public relations representative as well as other work that existed in sufficient numbers throughout the national economy.

### III.   LEGAL STANDARD

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error. *Id.*; *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "Substantial evidence means more than a mere scintilla,

but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).).

Further, where the evidence is susceptible to more than one rational interpretation, an ALJ's decision must be upheld. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). This includes deferring to an ALJ's credibility determinations and resolutions of evidentiary conflicts. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). However, even if the reviewing court finds that substantial evidence supports an ALJ's conclusions, the court may set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his decision. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Concurrently, reversal is not warranted where the ALJ's error is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), superseded by regulation on other grounds, as recognized in *Sweets v. Kijakazi*, 855 F. App'x 325, 326 (9th Cir. 2021).

## IV. DISCUSSION

The sole issue before the Court is whether substantial evidence supports ALJ Messer's finding that Plaintiff suffered from a non-severe mental impairment. Plaintiff argues ALJ Messer erred by failing to further develop the record in light of the dearth of medical evidence surrounding how Plaintiff's mental health condition impacted his ability to perform work-related activities. Defendant wholly disagrees with Plaintiff. Defendant counters that Plaintiff failed to meet his threshold burden to establish that he suffered from a medically severe impairment. Importantly, the Parties do not dispute that ALJ Messer declined to develop the record as to Plaintiff's mental health condition. Accordingly, the thrust of the Parties' dispute on summary judgment turns on what circumstances, if any, triggered ALJ Messer's duty to develop the record.

At all times, a claimant bears the burden to prove he is disabled and to supplement the record with additional medical source opinions in support of his claim. See 42 U.S.C. § 423(d)(5) (Supp.2001) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require"); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999); 20 C.F.R. § 404.1512(a); *see Sherri Lashawn K. v. Kijakazi*, 2021 WL 4081571, at *4 (S.D. Cal. Sept. 8, 2021), report and recommendation adopted sub nom. *Sherri K. v. Kijakazi*, 2021 WL 7448534 (S.D. Cal. Oct. 1, 2021) (citing same). The Code of Federal Regulations provides:

> You have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairments(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. § 404.1512(a) (2000); accord 20 C.F.R. § 404.1512(c) (2000) ("You must provide medical evidence showing that you have impairment(s) and how severe it is during the time you say you are disabled").

Under the regulations, a mental impairment is severe when it poses a significant limitation to an individual's "mental ability to perform basic work activities." 20 C.F.R. §§ 404.1520(c); 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," such as understanding and carrying out simple instructions, responding appropriately to supervision, and handling changes in a routine work setting. 20 C.F.R. § 404.1522(b). "An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005). Where the medical evidence is ambiguous or inadequate, the ALJ has a duty to develop the record further. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

/ / /

As a foundational matter, the Court finds the record ALJ Messer evaluated to prepare and issue his Decision was not scant. Indeed, Plaintiff's work history, medical files as maintained by numerous physicians' offices, and testimony at the May 17, 2019 Hearing provided meaningful data points for ALJ Messer's assessment of Plaintiff's residual functional capacity ("RFC"). But inheriting even a robust record is not synonymous with having sufficient evidence to make a sound determination regarding Plaintiff's disability status. The Court is particularly struck by the lack of any opinion by a treating or examining physician that assessed how Plaintiff's mental impairment affected his functional limitations. Indeed, none appear to exist, and none informed ALJ Messer's Decision.

Notably, ALJ Messer anchored his assessment of the four areas of Plaintiff's functional limitations based on Plaintiff's lay statements and nothing more: "The claimant endorsed depression associated with his pain symptoms and related functional limitations." (AR 96.) At no time did ALJ Messer cite to any objective evidence that contained a medical assessment of Plaintiff's functional limitations. ALJ Messer instead relied upon Plaintiff's testimony and Dr. Seldin's assessment, which entirely withheld comment on Plaintiff's functional limitations, to find Plaintiff was not disabled. Further, ALJ Messer assigned partial weight to Dr. Dwabe's RFC assessment of Plaintiff's functional limitations as they related to Plaintiff's physical condition but did not consider Dr. Dwabe's assessment of Plaintiff's mental condition to any extent. (AR 102.) ALJ Messer also neglected to address Dr. Davis' comment that the medical record was inadequate such that Dr. Davis could not conclusively assess Plaintiff's functional limitations.

For these reasons, the Court holds that ALJ Messer's conclusions about Plaintiff's functional limitations and resulting finding of non-disability were premature and attributable to error. ALJ Messer's own observation that the record lacked any medical opinions demonstrating Plaintiff had any significant limitations due to his depressive disorder should have signaled that his duty to develop the record had been triggered. ALJ Messer evidently missed the signal and instead substituted his lay understanding of Dr. Seldin's medical notes for a medical opinion. Ninth Circuit precedent makes clear an ALJ

is "not qualified to interpret raw medical data" and should not make his own "exploration and assessment" as to a claimant's impairments. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). Without a state agency physician or other qualified expert examination of Plaintiff's mental impairment, ALJ Messer engaged in his own fact-finding without having objective evidence of Plaintiff's functional limitations in light of his mental impairment. *Wheat v. Berryhill*, 2018 WL 3870055, at *3 (S.D. Cal. Aug. 14, 2018), report and recommendation adopted, 2018 WL 4328219 (S.D. Cal. Sept. 11, 2018) (holding that an ALJ may not substitute his layperson personal observations of claimant for the opinions of medical experts, including, but not limited to, a treating physician); *De Gutierrez v. Saul*, 2020 WL 5701019, at *6 (E.D. Cal. Sep. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform medium work… and was limited to simple routine tasks, the ALJ's RFC lacks the support of substantial evidence."); *Goolsby v. Berryhill*, 2017 WL 1090162, at *8 (E.D. Cal. Mar. 22, 2017) (ALJ erred in including "simple routine tasks" in RFC when the medical record did not contain medical opinions supporting this limitation).

The Court looks to precedent in further finding the lack of clarity in the medical evidence triggered ALJ Messer's duty to develop the record. *McAnally v. Berryhill*, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020) (holding ALJ's RFC determination was not supported by substantial evidence because "in the absence of a medical opinion interpreting the extent of Plaintiff's mental impairment, there [was] an insufficient basis to conclude that he [was] limited to 'simple, routine, and repetitive tasks' or, on the other hand, that 'standard industry work breaks every two hours' [were] sufficient to accommodate his impairment"); *French v. Kijakazi*, 2022 WL 3362276, at *7 (S.D. Cal. Aug. 15, 2022) (finding error where "the ALJ did not identify any expert or doctor who examined Plaintiff or reviewed her medical records and opined that Plaintiff was capable of performing simple work"); *Struck v. Astrue*, 247 F. App'x 84, 86–87 (9th Cir. 2007) (stating "we cannot conclude that [the ALJ's failure to develop the record] was harmless" where a medical expert testified additional medical records would be "of assistance" in assessing a

claimant's functional capacity and limiting her opinion on same in light of the absence of such records); *Russell C. v. Saul*, 2021 WL 1116034, at *6 (S.D. Cal. Mar. 24, 2021) (emphasizing "an inference of improved functioning is especially cautioned where 'no doctor or other medical expert has opined, on the basis of a full review of all relevant records, that a mental health patient is capable of working or is prepared to return to work.'").

ALJ Messer's Decision ignored Dr. Davis' mention of an incomplete record and did not opine on Dr. Dwabe's assessment of Plaintiff's mental impairment and functional limitations. Instead, ALJ Messer exclusively relied on Plaintiff's testimony about his own limitations and Dr. Seldin's notes, which did not address functional limitations to any degree, to reach the ultimate conclusions on Plaintiff's functional limitations. Without supporting medical evidence, ALJ Messer explained in his Decision "these activities convey[ed] an adequate range of activities of daily living from a mental health perspective and [were] not inconsistent with no more than mild functional limitations… particularly in light of [Plaintiff's] limited history of mental health treatment to date." (*Id.*) Not so. As ALJ Messer observed, the record was void of medical opinions assessing Plaintiff's limitations in connection with his mental condition, specifically the extent of Plaintiff's ability to perform work-related activities in light of his depressive disorder. As discussed, this circumstance called upon ALJ Messer to further develop the record. Yet he did not. Accordingly, the Court finds there was a lack of substantial evidence underlying ALJ Messer's Decision and ultimate finding of Plaintiff's non-disability.

Notably, there were a variety of tools at ALJ Messer's disposal that would have remedied the record's inadequacy. For example, ALJ Messer could have (1) ordered an updated consultative examination; (2) called a medical expert to testify at the hearing; or (3) remanded the matter back to the state agency to make a new determination with the updated medical evidence. 20 C.F.R. 404.1517; 20 C.F.R. 404.1527(e)(2)(iii); 20 C.F.R. 416.1448(c)(2). ALJ Messer declined to do so and thus risked opining on Plaintiff's application without the benefit of a comprehensive medical record. As discussed, the risk

was an error, and the error was not harmless. *Shaneena W-M v. Berryhill*, 2019 WL 4193416, at *8 (S.D. Cal. Sept. 4, 2019), report and recommendation adopted sub nom. *Williams-McGloster v. Berryhill*, 2019 WL 4688798 (S.D. Cal. Sept. 25, 2019) (concluding "the ALJ's failure to either follow up with plaintiff's mental health treating doctors or order a consultative mental examination in this instance (a) constituted a violation of the ALJ's special duty to fully and fairly develop the record, and (b) resulted in a decision that was not supported by substantial evidence"); *Molina v. Berryhill*, 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018) (holding ALJ's RFC determination was not supported by substantial evidence when ALJ made her own evaluation of the functional limitations caused by the claimant's diagnosed impairments without further developing the record through a consultative examination); *de Lopez v. Astrue*, 643 F. Supp. 2d 1178, 1184 (C.D. Cal. 2009) (determining ALJ failed in his duty to develop the record where the record did not contain any opinion by a treating or examining physician regarding the claimant's RFC); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006).

## V.     CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Summary Judgment and DENIES Defendant's Motion for Summary Judgment. Consequently, the Court DIRECTS the Clerk of this Court to enter judgment REVERSING ALJ Messer's Decision and REMANDING this case for further administrative proceedings to develop the record and exhaustively address the errors discussed in this Order.

**IT IS SO ORDERED.**

DATED: September 27, 2022

                          Hon. William V. Gallo
                          United States Magistrate Judge