UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward D. O., | Case No.: 3:20-cv-01551-AHG |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | **[ECF No. 38]** |

/ /

/ /

/ /

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Although Plaintiff originally brought this action against Former Commissioner Kilolo Kijakazi, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

Before the Court is Plaintiff's counsel's amended motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 38. For the reasons set forth below, the Court **GRANTS** the motion.

## I.      BACKGROUND

Plaintiff Edward D. O. ("Plaintiff") filed this action on August 11, 2020, seeking review of the Commissioner of Social Security's ("Commissioner" or "Defendant") denial of his application for social security disability and supplemental security income benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge on August 31, 2020. ECF No. 5. The administrative record was filed on July 23, 2021. ECF No. 12. The Court set a scheduling order, requiring formal settlement discussions, a Joint Status Report be filed by August 27, 2021, and a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by December 30, 2021. ECF No. 13. On January 1, 2022, the parties filed their Joint Motion for Judicial Review. ECF No. 16; *see* ECF No. 18 (granting extension of filing deadline). On September 27, 2022, the Court granted Plaintiff's motion for summary judgment, denied Defendant's motion for summary judgment, reversing the ALJ's decision and remanding the case for further administrative proceedings. ECF No. 20. A Clerk's Judgment was entered on September 27, 2022. ECF No. 21. On remand, the Commissioner awarded Plaintiff $158,433.00 in total past due benefits. ECF No. 24-4 at 4; ECF No. 38-4 at 4; ECF No. 38-8. On October 26, 2022, pursuant to a joint motion, the Court awarded Plaintiff $5,500.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 23.

On February 9, 2024, Plaintiff's counsel filed his first motion for attorney fees pursuant to 42 U.S.C. § 406(b), seeking $36,000.00 in attorney fees. ECF No. 24. In the motion, Plaintiff's counsel repeatedly stated that Plaintiff received $210,475.30 in past due benefits. ECF No. 24-1 at 4, 5, 6, 10, 15. However, the Notice of Award dated January 30, 2024, instead referenced a different dollar amount for Plaintiff's past-due benefits: $158,433.00. ECF No. 24-4 at 4. The difference between Plaintiff's counsel's

figure and the agency's figure was not inconsequential, it was $52,042.30, which impacted the remaining fee calculations and arguments of counsel; as such, the Court required supplemental briefing. ECF No. 33. In response, Plaintiff's counsel conceded that his calculations were slightly incorrect (by approximately $3,000), but also asserted that the Notice of Award was substantially incorrect (by approximately $50,000). ECF No. 34. On May 10, 2024, Plaintiff formally requested review and reconsideration from the Social Security Administration regarding the Notice of Award, arguing that the Award should be increased from $158,433.00 to $207,799.50. ECF No. 34-1. As such, on May 13, 2024, the Court denied Plaintiff's motion for attorney fees without prejudice, and instructed counsel to "refile his motion once the Notice of Award is finalized." ECF No. 35.

On July 30, 2024, the Social Security Administration responded to Plaintiff's counsel's request for review, and concluded that the agency's original figures were correct. ECF No. 38-8 at 1 (affirming original $158,433.00 amount). In the instant motion, Plaintiff's counsel seeks an order awarding Brian C. Shapiro, Esq. (Plaintiff's counsel) attorney fees in the amount of $27,000.00 for representing Plaintiff in this action, offset by the $5,500.00 in EAJA fees awarded by the Court, for a net award of $21,500.00. ECF No. 38 at 1–2; *see* ECF No. 38-1 at 5 ("This Court should order the payment of attorney fees in the amount of $27,000.00, and further order the Rohlfing firm to reimburse Edward [] the amount of $5,500.00 for the EAJA fees previously paid"); *id*. at 11 ("for a net cost to plaintiff of $21,500.00"). Plaintiff did not oppose his counsel's request. The Commissioner has taken no position on the reasonableness of counsel's request. ECF No. 41 at 2 ("Defendant neither supports nor opposes counsel's request for attorney[] fees").

## II.   LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C.

§ 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

/ /

---

[2] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

## III.   DISCUSSION

On September 17, 2019, Plaintiff and Mr. Shapiro entered into a Social Security Representation Agreement ("Agreement"). ECF No. 38-2. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *Id*.[3] The administrative proceedings became final on January 30, 2024, when the Social Security Administration issued its Notice of Award. *See* ECF No. 38-4 at 1. Plaintiff's counsel seeks a total award of $27,000.00 in attorney fees and bases this fee on 17% of the net payable past due benefits. ECF No. 38-1 at 6, 10. Counsel argues that the amount sought in the instant motion "is reasonable considering the services expended and results achieved," considering counsel expended 25.3 hours in the representation of Plaintiff in this matter through the entry of the order of remand. *Id*. at 4, 6. Additionally, if granted by the Court, this award would then be further reduced by the $5,500.00 that has already been received in attorney fees under the EAJA. *Id*. at 11 (crediting the amount of $5,500 for the EAJA fees, for a net award of $21,500).

//

---

[3] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and his counsel is within the statutory ceiling. *Compare* 42 U.S.C. § 406(b)(1)(A) *with* ECF No. 38-2. The Court notes that Plaintiff included an Order of the ALJ as an exhibit to his motion, where the ALJ states that he "do[es] not approve the fee agreement between [Plaintiff] and [his attorney] because: the fee agreement sets a fee that is more than the lesser of 25 percent of the past-due benefits or $7,200." ECF No. 38-3 at 13. The Court is not foreclosed on awarding fees to Plaintiff's counsel, however. *See, e.g., Nealy v. Kijakazi*, No. 20cv698-KRS, 2023 WL 171782, at *2 (D. Nev. Jan. 12, 2023) (recognizing ALJ's order to only limit counsel's recovery to $6,000 at the agency level, and awarding $16,640 in § 406(b) fees for counsel's representation in federal court); *Radford v. Berryhill*, No. EDCV-15-1723-KK, 2017 WL 4279217, at *2 n.3 ("In Plaintiff's case, the ALJ did not approve of the fee agreement under Section 406(a)(2). [] Nonetheless, this Court has authority to award the requested fees under Section 406(b).") (internal citations omitted); *Chapa v. Astrue*, 814 F. Supp. 2d 957, 960 (C.D. Cal. 2011) (granting motion for attorney fees pursuant to Section 406(b) despite ALJ's disapproval of the fee agreement under Section 406(a)).

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel expended 25.3 hours on this case.[4] *Id.* at 12. The *de facto* hourly rate is $1,067.19,[5] and although this rate appears rather high, fees within this general range have been approved by courts in similar cases, including in this district.[6] *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, No. 16cv29-BTM-BLM, 2019 WL 1112080, at *2–*3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving *de facto* hourly rate of $1,080.26 for 21.6 hours of work); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly rate of $943.55).

Moreover, "the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed … the 25 percent statutory cap[.]").

---

[4] While every case is different, the amount of time spent on this case—25.3 hours, comprised of 22 hours of attorney work and 3.3 hours of paralegal work—is similar to other cases. *See Krebs v. Berryhill*, No. 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours); *see, e.g.*, *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases").

[5] The *de facto* hourly rate is calculated by dividing the $27,000.00 fee requested by 25.3 hours.

[6] The Court notes that the cases cited by Plaintiff's counsel from the Central District of California, District of Oregon, and Western District of Washington are not persuasive. *See* ECF No. 38-1 at 7–8.

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 38-5. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's amended motion for attorney fees pursuant to 42 U.S.C. §406(b). ECF No. 38. The Court **AWARDS** Brian C. Shapiro § 406(b) attorney fees in the amount of $27,000.00.

As discussed above, Mr. Shapiro previously received an EAJA fee award of $5,500.00, (*see* ECF No. 23), and "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal alterations omitted). Accordingly, the Commissioner is **DIRECTED** to certify payment of a fee award of **$27,000.00**, made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC, and delivered to Brian C. Shapiro, out of Plaintiff's past-due benefits in accordance with agency policy. The Court further **ORDERS** Plaintiff's counsel to **refund** Plaintiff **$5,500.00** as an offset for the EAJA fees previously awarded.

**IT IS SO ORDERED**.

Dated:  October 16, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge